Argued and submitted July 9, 1991, decision of the Court of Appeals reversed, judgment of the circuit court reversed and case remanded to circuit court for further proceedings April 23, 1992

STATE OF OREGON,
*Respondent on Review,*

*v.*

THEODORE J. INGRAM,
*Petitioner on Review.*

(CC 88C-21014; CA A50427; SC S37738)

831 P2d 674

Dale L. Crandall, Salem, argued the cause and filed the petition for petitioner on review.

Thomas H. Denney, Assistant Attorney General, Salem, argued the cause for respondent on review.

GRABER, J.

## GRABER, J.

The issue in this criminal case is whether the search warrant, pursuant to which defendant's vehicle was searched, complied with the requirements of ORS 133.565(2)(b)[1] and Article I, section 9, of the Oregon Constitution,[2] for particularity. Defendant was convicted of possession of methamphetamine, a controlled substance. ORS 475.992(4). He contends that the trial court erred in not suppressing evidence seized during the execution of the allegedly deficient search warrant. The Court of Appeals held that the search warrant was sufficient and affirmed the trial court. *State v. Ingram*, 104 Or App 389, 802 P2d 656 (1990). We reverse on the basis of defendant's statutory argument and, accordingly, do not reach his constitutional claim.

In 1988, the Salem police obtained a warrant to search the home of Elaine Joyce Sink, several specified cars, and "all individuals and occupants found to be frequenting [Sink's home] and all vehicles determined to be associated with the occupants of said premises." The affidavit in support of the warrant disclosed that the affiant, a police officer, had conducted an extensive, four-month undercover investigation of Sink. The officer bought cocaine and marijuana from Sink on various occasions. Several of those transactions took place in Sink's home. Several took place in vehicles in public parking lots. Sink told the officer that she "handled a minimum of five to seven thousand dollars in drug business through her residence each week." It appears from the affidavit, however, that Sink's home was used primarily as a residence.

The same officer who had led the investigation and submitted the affidavit executed the search warrant. He testified at the hearing on defendant's motion to suppress.

---

[1] ORS 133.565(2)(b) provides:

"The warrant shall state, or describe with particularity:

"* * * * *

"(b) The name of the person to be searched, or the location and designation of the premises or places to be searched."

[2] Article I, section 9, of the Oregon Constitution, provides in part:

"[N]o warrant shall issue but upon probable cause * * * and particularly describing the place to be searched, and the person or thing to be seized."

When executing the warrant, the officer knocked on the front door of Sink's home; defendant opened the door and let him in. On his way in the door, he signalled to other officers waiting in a van to join him. He informed defendant that he had a search warrant. Defendant appeared to be the only person in the house. The officer placed restraints on defendant to "secure" him. The officer testified that he had no reason to believe that defendant was someone who "frequented the premises" and that he was not arresting defendant at that time. After "securing" defendant, the officer searched him, finding marijuana, car keys, and a piece of paper bearing telephone messages that defendant apparently had taken for the Sinks. The officer asked defendant if the keys were to his car. Defendant said yes. Defendant's pickup was parked on the street near the residence. The officer told defendant that he had a warrant to search cars associated with the people on the premises. Other officers took the keys and searched defendant's pickup. They found the methamphetamine that defendant was convicted for possessing. No evidence found on defendant's person or in the residence was used to convict him.

Defendant moved to suppress the methamphetamine. He argued that "[t]he description of the defendant's vehicle is not adequate under ORS 133.565(2)(b), and the defendant herein was not an occupant, but a visitor only." The trial court concluded that defendant was an "occupant" of the premises and, therefore, that the police had searched him and his vehicle lawfully pursuant to the warrant. Accordingly, the trial court denied defendant's motion to suppress. Defendant was then convicted after a stipulated facts trial, and he appealed. The Court of Appeals considered defendant's appeal *in banc*.[3] The Court of Appeals majority affirmed the trial court's denial of the motion to suppress.[4] We allowed defendant's petition for review of that decision.

---

[3] The Court of Appeals consolidated this case with two other cases that raised similar issues. Only this defendant petitioned for review.

[4] Judge Richardson dissented. He reasoned that ORS 133.565(2), which sets out the requirements for the contents of a search warrant, requires the warrant to specify the name, or provide a particularized description, of a known individual. Because neither was specified in the warrant in this case, he concluded that the evidence should have been suppressed. *State v. Ingram*, 104 Or App 389, 402, 802 P2d 656 (1990). A third opinion, written by Judge Newman, concluded that the

We consider the statutory argument first. *State v. Davis*, 295 Or 227, 240, 666 P2d 802 (1983). ORS 133.565(2) provides:

> *"The warrant shall state, or describe with particularity:*
>
> "(a)   The identity of the judge issuing the warrant and the date the warrant was issued;
>
> "(b)   The name of the person to be searched, or *the location and designation of the* premises or *places to be searched*;
>
> "(c)   The things constituting the object of the search and authorized to be seized; and
>
> "(d)   The period of time, not to exceed five days, after execution of the warrant except as provided in subsection (3) of this section, within which the warrant is to be returned to the issuing authority." (Emphasis added.)

The Court of Appeals held that the warrant's authorization to search "all individuals and occupants found to be frequenting [Sink's home]" satisfied the statutory requirement that individuals be named or described with particularity. 104 Or App at 399-401. We need not examine the correctness of that holding, because we conclude that another issue is dispositive. The relevant search was of defendant's vehicle, not of defendant. The police undertook that search pursuant to the warrant's authorization to search "all vehicles determined to be associated with the occupants of said premises." "[A]ll vehicles determined to be associated with" occupants of the premises does not "describe with particularity * * * the location and designation of the * * * places to be searched." ORS 133.565(2)(b).

■   ORS 133.565(2), which addresses the extent of discretion that the face of the warrant permits the executing officer to exercise, implements the constitutional prohibitions against general warrants. We thus construe ORS 133.565(2)(b) to be at least as restrictive as the constitutional prohibitions against general warrants. We turn to this court's constitutional cases for guidance.

---

warrant did not comply with the particularity requirements of either the statute or of Article I, section 9, of the Oregon Constitution. *Id*. at 408.

In the context of a constitutional challenge under Article I, section 9, and the Fourth Amendment to the United States Constitution,[5] this court has held:

> "Both the Fourth Amendment to the United States Constitution and Article I, § 9, of the Oregon Constitution require a search warrant 'particularly describing the place to be searched.' It has been explained that 'the historical motivation for this constitutional mandate was a fear of "general warrants," giving the bearer an unlimited authority to search and seize.' More specifically, the aim of the requirement of particularity is to protect the citizen's interest in freedom from governmental intrusion through the invasion of his privacy. *If the search warrant describes premises in such a way that it makes possible the invasion of this interest in privacy without the foundation of probable cause for the search, the warrant is too broad and therefore constitutionally defective.*
>
> "In testing a warrant for definiteness 'it is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain the identity of the place intended.' The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties. *If, however, a warrant purporting to authorize a search is sufficiently ambiguous that it is impossible to identify with a reasonable degree of certainty the particular premises authorized to be searched, the warrant may not be executed and any search pursuant to it is illegal, whether of the premises actually intended or not, because of the danger that the privacy of unauthorized premises will be invaded.*" *State v. Blackburn/Barber*, 266 Or 28, 34-35, 511 P2d 381 (1973) (footnotes omitted; emphasis added).

*See also State v. Devine*, 307 Or 341, 343-44, 768 P2d 913 (1989) (discussing purpose and application of particularity requirement of the Oregon Constitution, as it relates to premises). In this case, the warrant purporting to authorize the search is so "ambiguous that it is impossible to identify with a reasonable degree of certainty the particular [vehicles]

---

[5] The Fourth Amendment to the United States Constitution provides:

"The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

authorized to be searched." *State v. Blackburn/Barber*, *supra*, 266 Or at 35.

■       The warrant directs the executing officer to "determine[]" facts existing only at the time the warrant is executed, and the phrase "all vehicles * * * associated with the occupants of said premises" is so standardless that the executing officer must employ discretion in deciding which vehicles to search. Officers executing the warrant are left to wonder what "all vehicles * * * associated with the occupants of said premises" means and whether or not it requires (for example) that the occupants own the vehicles or that the vehicles be located at Sink's home.

Because the warrant is ambiguous and potentially so broad, officers executing it could invade privacy interests not intended by the magistrate to be invaded and could conduct searches not supported by probable cause. As one commentator explains, in a related context, under the federal constitution:

> "Sometimes a warrant will be issued for the search of certain premises and 'all automobiles thereon.' Such a warrant, it would seem, is particularly vulnerable to challenge with respect to the vehicle description. As with any other description based solely upon location, there can be no assurance that the vehicle or vehicles as to which information was gathered during an earlier investigation will be the vehicles found on the premises at the time of the search. The risk of error is compounded when the plural 'all automobiles' is used." 2 LaFave, Search and Seizure 225, § 4.5(d) (2d ed 1987) (footnote omitted).

ORS 133.565 requires particularity precisely to prevent ambiguous warrants from inadvertently producing such unlawful searches. *See also* ORS 133.555(2) (judge may issue a search warrant only when there is probable cause to believe that the search will discover things specified in the application for the warrant and subject to seizure).

The warrant in this case did not describe defendant's vehicle with sufficient particularity to satisfy ORS 133.565(2)(b). Therefore, the search warrant was invalid insofar as it purported to authorize the search of defendant's

vehicle. The state does not contend that the search was lawful on any basis other than the warrant.[6]

■ Having held that the warrant in this case did not meet the requirements of ORS 133.565(2)(b), we next consider whether evidence seized pursuant to the warrant must be suppressed because of the statutory violation. We conclude that the legislature intended that failure to comply with ORS 133.565(2)(b) would result in suppression of evidence. ORS 133.673 suggests that some statutory violations will result in suppression:

"(1) Objections to use in evidence of things seized in violation of any of the provisions of ORS 133.525 to 144.703 shall be made by a motion to suppress * * *.

"(2) A motion to suppress which has been denied may be renewed, in the discretion of the court, * * * as the interests of justice require."

This court has provided guidance concerning which statutory violations will result in suppression, in an analogous case.

In *State v. Davis, supra,* this court held that evidence resulting from a violation of ORS 131.605 to 131.625, a different portion of the 1973 Oregon Criminal Procedure Code,[7] must be suppressed. The court noted that we look "to the character of the rule violated in the course of securing the evidence when deciding whether the rule implie[s] a right not to be prosecuted upon evidence so secured." 295 Or at 235. "[W]hen the object of the statute is to define the authority of officers to seize or to search a person or property, * * * the court * * * has given effect to the statute by denying the state the use of evidence that it would not have secured if its officer had respected the rights that the statute was designed to protect." 295 Or at 236. The court summarized the applicable principle this way:

"[T]hose rules of law designed to protect citizens against unauthorized or illegal searches or seizures of their persons, property, or private effects are to be given effect by denying the state the use of evidence secured in violation of those

---

[6] The state has abandoned the argument advanced, and decided against it, in the trial court, that defendant consented to the search of his vehicle.

[7] The legislature enacted ORS 133.565 as part of the 1973 Oregon Criminal Procedure code.

rules against the persons whose rights were violated, or, in effect, by restoring the parties to their position as if the state's officers had remained within the limits of their authority." 295 Or at 237.

*See also State v. Porter*, 312 Or 112, 817 P2d 1306 (1991) (evidence obtained in violation of ORS 810.410(3) must be suppressed, because the object of that statute is to define the authority of officers to search in response to a traffic infraction).

Returning to this case, "the object of the statute is to define the authority of officers * * * to search a person or property." *State v. Davis, supra*, 295 Or at 236. Moreover, ORS 133.565(2) implements a constitutional right to be free from searches conducted pursuant to warrants that do not particularly describe the persons or places to be searched. In this case, the state would not have secured the evidence "if its officer had respected the rights that the statute was designed to protect," *ibid.*, and the evidence was used against the person whose statutory rights were violated, *id.* at 237. Under the teaching of *Davis*, suppression of evidence is the appropriate remedy for this statutory violation.[8] The trial court should have suppressed the challenged evidence.

The decision of the Court of Appeals is reversed. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.

---

[8] Because we suppress the evidence on the ground that the warrant did not meet the requirements of ORS 133.565(2)(b), we need not reach defendant's state constitutional argument. Defendant makes no federal constitutional argument.