Argued and submitted January 29, reversed and remanded for a new trial August 18, 1993, reconsideration denied January 12, petition for review allowed February 3, 1994 (318 Or 350)

STATE OF OREGON,
*Respondent,*

*v.*

LARRY GENE REID,
*Appellant.*

(10-91-00359B; CA A71887)

857 P2d 874

Eric R. Johansen, Deputy Public Defender, Salem, argued the cause for appellant. With him on the brief was Sally L. Avera, Public Defender, Salem.

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Deits, Presiding Judge, and Riggs and Durham, Judges.

DEITS, P. J.

## DEITS, P. J.

Defendant appeals his convictions for delivery and possession of a controlled substance, methamphetamine. ORS 475.992. He assigns error to the trial court's denial of his motion to suppress. We reverse and remand.

At approximately the same time that defendant and another person approached the front door of a Springfield residence, officers arrived there to execute a warrant to search for evidence of manufacture, distribution and possession of methamphetamine. They searched defendant, found methamphetamine and arrested him. Defendant moved to suppress the evidence, arguing that the warrant failed to comply with ORS 133.565 and Article I, section 9, of the Oregon Constitution, both of which require that a warrant particularly describe the place and persons to be searched. Although he made no challenge to the sufficiency of the description of the residence, he argued that the warrant did not sufficiently describe the persons to be searched. The trial court denied the motion.

The warrant states, in part:

"You are therefore hereby commanded to search the above described premise [sic], its curtilage, vehicles and persons present for the above described evidence[.]"

In ruling on defendant's motion, the trial court concluded that that language authorized the search of defendant as a "person present." The court stated:

"I don't find that particular language fatal, especially in a circumstance where the probable cause established goes to the fact that people are coming and going frequently from the premises and that, therefore, that [sic] anybody present would likely be either somebody who was involved in the manufacture or delivery of a controlled substance or somebody who was a short-term visitor who was there for the purpose of purchasing or delivering chemicals or whatever but is somehow involved."

On appeal, defendant renews his argument that the language in the warrant failed to comply with the particularity requirements of ORS 133.565 and Article I, section 9, in authorizing the search of "persons present." He also argues that, in light of the fact that he was named in the affidavit, the warrant was

not sufficiently particular as to him. Because of our disposition of this latter issue, we need not address his other arguments.

ORS 133.565 provides, in part:

"(2)   The warrant shall state, or describe with particularity:

"* * * * *

"(b)   The *name of the person to be searched* or the location and designation of the premises or places to be searched[.]" (Emphasis supplied.)

Article I, section 9, provides, in part:

"[N]o warrant shall issue but upon probable cause, supported by oath, or affirmation, and *particularly describing the place to be searched, and the person or thing to be seized.*" (Emphasis supplied.)

*State v. Ingram*, 104 Or App 389, 401, 802 P2d 656 (1990), *rev'd on other grounds* 313 Or 139, 831 P2d 674 (1992), involved challenges under those provisions by each of three defendants who were arrested after search warrants were executed at their residences. With respect to one of the three defendants in that case, Devereaux, we held that a warrant authorizing a search of Devereaux's house and "its occupants" violated ORS 133.565(2)(b) and Article I, section 9, because "occupants" was "not a particular description of defendant, in the light of the fact that he was named in the affidavit." We also held that the arrest of the defendant Gardner pursuant to a search warrant authorizing a search of his residence and "all persons found on the premises" was unlawful for the same reason. 104 Or App at 402.

■■   In this case, defendant was named in the affidavit a number of times: The affiant's confidential informant identified vehicles registered to defendant as being involved in methamphetamine delivery and manufacturing; another officer told the affiant that he had investigated defendant for drug manufacturing and that, when arrested, defendant was found in possession of precursor chemicals and "four to five pounds of methamphetamine"; defendant was named in other investigations as having a drug manufacturing operation with the target resident; cars registered to defendant were often seen parked at the target residence before the

warrant was executed. We conclude that the information recited in the affidavit provided probable cause to believe that defendant was involved in the target resident's drug manufacturing operations. Under our holding in *State v. Ingram, supra,* in view of the fact that defendant was named in the affidavit, the description in the warrant of the persons to be searched was not sufficiently particular as to defendant. The trial court erred in denying defendant's motion to suppress.

Reversed and remanded for a new trial.