Argued and submitted March 8, decision of the Court of Appeals affirmed on different grounds; judgment of the circuit court reversed and case remanded to the circuit court for further proceedings May 12, 1994

## STATE OF OREGON,
*Petitioner on Review,*

*v.*

## LARRY GENE REID,
*Respondent on Review.*

(CC 10-91-00359B; CA A71887; SC S40902)

872 P2d 416

Jonathan H. Fussner, Assistant Attorney General, Salem, argued the cause for petitioner on review. With him on the

petition were Theodore R. Kulongoski, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Eric Johansen, Deputy Public Defender, Salem, argued the cause for respondent on review.

Before Carson, Chief Justice, and Gillette, Van Hoomissen, Fadeley, Unis, and Graber, Justices.

GRABER, J.

## GRABER, J.

The issue in this criminal case is whether a warrant authorizing police officers to search "persons present" at a Springfield address met the requirements relating to search warrants established in ORS 133.565(2)(b).[1] We hold that it did not.

In November 1990, police officers obtained a warrant authorizing the search of the Springfield residence of David and Rita Vale. After describing the house itself in some detail, the warrant stated that the police

"are therefore hereby commanded to search the above described premise, its curtilage, vehicles, and *persons present.*" (Emphasis added.)

Defendant was not named in the warrant.

The affidavit supporting the warrant was more than six pages long. It contained information about the Vales and about other individuals, vehicles, and events observed at their residence. The affidavit contained the following information about defendant: The affidavit stated that vehicles registered to defendant had been observed at the Vale residence; that, in October 1990, police had investigated a methamphetamine laboratory at defendant's residence; that, in January 1990, police had discovered a "boxed up" methamphetamine laboratory in a vehicle registered to defendant; and that, in 1989, an informant had told a Eugene police officer that defendant and David Vale were manufacturing methamphetamine at defendant's residence.

When the officers arrived at the Vale residence to execute the search warrant, defendant was approaching the front door on foot. Relying on the "persons present" portion of the warrant, the officers searched defendant and discovered methamphetamine.[2]

---

[1] ORS 133.565(2)(b) provides:

"The warrant shall state, or describe with particularity:

"* * * * *

"(b) The name of the person to be searched, or the location and designation of the premises or places to be searched."

[2] The state does not seek to justify the search of defendant on any basis independent of the warrant.

At his trial on the charge of possession of a controlled substance, ORS 475.992, defendant moved to suppress evidence obtained during the search of his person. He argued, as pertinent here, that the search violated ORS 133.565 and Article I, section 9, of the Oregon Constitution,[3] because the "persons present" clause in the warrant was not sufficiently particular.[4] The trial court denied defendant's motion and, after a trial on stipulated facts, found defendant guilty. Defendant appealed from the resulting judgment.

The Court of Appeals concluded that the trial court erred in denying defendant's motion to suppress. *State v. Reid*, 122 Or App 329, 857 P2d 874 (1993). Relying on its own reasoning in *State v. Ingram*, 104 Or App 389, 802 P2d 656 (1990), *rev'd on other grounds*, 313 Or 139, 831 P2d 674 (1992), the Court of Appeals concluded that the information regarding defendant that was recited in the affidavit "provided probable cause to believe that defendant was involved in the target resident's drug manufacturing operations." *State v. Reid, supra*, 122 Or App at 333. The court held that, "in view of the fact that defendant was named in the affidavit, the description in the warrant of the persons to be searched was not sufficiently particular as to defendant." *Ibid.* The Court of Appeals reversed defendant's conviction and remanded the case for a new trial.

The state petitioned this court for review, which we allowed. We now affirm the decision of the Court of Appeals on different grounds.

■      The issue in the present case requires us to interpret what "particularity" in ORS 133.565(2)(b) means with respect to persons. This court has established a standard method of interpreting statutes. *See PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993) (discussing method). Here, however, an additional principle comes into play: when this court has construed a statute, that construction becomes a part of the statute as if written into it

---

[3] Article I, section 9, of the Oregon Constitution, provides in part:

"[N]o warrant shall issue but upon probable cause * * * and particularly describing the place to be searched, and the person or thing to be seized."

[4] At trial, defendant also argued that he was not "present," because he was on the porch but not in the house. He does not pursue that argument in this court.

at the time of its enactment. *Stephens v. Bohlman*, 314 Or 344, 350 n 6, 838 P2d 600 (1992). This court has interpreted a portion of the "particularity" requirement in ORS 133.565(2)(b). We turn, therefore, to this court's prior interpretation of that statute.

Although this court has not previously considered the requirement in ORS 133.565(2)(b) that a search warrant must "state, or describe with particularity * * * the name of the person to be searched," it has examined the parallel requirement in respect to the description of "places to be searched." In *State v. Ingram, supra*, 313 Or at 143, this court considered whether a warrant authorizing the search of "all vehicles * * * associated with the occupants" of a residence was lawful under ORS 133.565(2)(b). The court first explained that

"ORS 133.565(2), which addresses the extent of discretion that the face of [a] warrant permits the executing officer to exercise, implements the constitutional prohibition against general warrants. We thus construe ORS 133.565(2)(b) to be at least as restrictive as the constitutional prohibitions against general warrants. We turn to this court's constitutional cases for guidance." *Ibid.*

The court discussed the purpose of the requirement in Article I, section 9, that a warrant particularly describe the place to be searched and by considering what manner of description would satisfy that purpose. The court stated that

" 'the historical motivation for this constitutional mandate was a fear of general warrants, giving the bearer an unlimited authority to search and seize. More specifically, the aim of the requirement of particularity is to protect the citizen's interest in freedom from governmental intrusion through the invasion of his privacy. *If the search warrant describes the premises in such a way that it makes possible the invasion of this interest in privacy without the foundation of probable cause for the search, the warrant is too broad and therefore constitutionally defective.*

" 'In testing a warrant for definiteness it is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain the identity of the place intended. The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties. *If, however, a warrant purporting to*

*authorize a search is sufficiently ambiguous that it is impossible to identify with a reasonable degree of certainty the particular premises authorized to be searched, the warrant may not be executed and any search pursuant to it is illegal, whether of the premises actually intended or not, because of the danger that the privacy of unauthorized premises will be invaded.'* " *Id.* at 144 (quoting *State v. Blackburn/Barber*, 266 Or 28, 34-35, 511 P2d 381 (1973); emphasis in original; internal quotation marks omitted).

The *Ingram* court then determined that the warrant in that case was sufficiently ambiguous to make it "impossible to identify with a reasonable degree of certainty" the particular vehicles authorized to be searched. *Id.* at 144-45 (internal quotation omitted). As a result, the court concluded, the officers executing the warrant were required to "employ discretion in deciding which vehicles to search." *Id.* at 145. In doing so, the officers could invade privacy interests not intended by the magistrate to be invaded and could conduct searches not supported by probable cause, because,

" '[a]s with any other description *based solely upon location*, there can be no assurance that the vehicle or vehicles as to which information was gathered during an earlier investigation will be the vehicles found on the premises at the time of the search.' " *Ibid.* (quoting 2 LaFave, Search and Seizure 225, § 4.5(d) (2d ed 1987) (emphasis added)).[5]

■     The principles derived from Article I, section 9, and applied by this court in *State v. Ingram, supra*, to the requirement in ORS 133.565(2)(b) that a warrant "state, or describe with particularity * * * the location and designation of the * * * places to be searched" also are applicable to the requirement, in that same statute, that a warrant "state, or describe with particularity * * * [t]he name of the person to be searched." We proceed to apply those principles.

■     As previously stated, the warrant in this case authorized police officers to search the Vales' dwelling, its curtilage, vehicles, and "persons present." Relying on the quoted portion of the warrant, and not on any basis independent of the

---

[5] *See also State v. Devine*, 307 Or 341, 768 P2d 913 (1989) (discussing the purpose and application of the particularity requirement of Article I, section 9, as it relates to premises).

warrant, police searched defendant as he was approaching the front door of the residence.

This case does not involve the second of the two statutory limitations identified in *Ingram*: that a warrant must be definite enough to identify with a reasonable degree of certainty what is to be searched. 313 Or at 144. "Persons present" is definite and unambiguous.

What this case involves is, instead, the first statutory limitation identified in *Ingram*: a warrant may not authorize a search that is broader than the supporting affidavit supplies probable cause to justify. *Ibid.* There was no showing in the affidavit supporting the warrant that access to the Vales' residence was limited exclusively to persons as to whom probable cause exists to believe that they are engaged in criminal activity.[6] The affidavit described a residence. Persons who might reasonably be expected to be found approaching the front door of a residence include a uniformed mail carrier or package delivery person, a volunteer soliciting donations for charitable purposes, or a neighbor seeking to borrow a cup of sugar. Indeed, there were small children present at the residence at the time the warrant was executed.

We conclude that, by authorizing police officers to search "persons present" at the Vale residence, the warrant in this case failed to satisfy the requirements of ORS 133.565(2)(b), because the affidavit did not demonstrate probable cause to believe that *all* "persons present" on the premises would be associated with the criminal activity taking place there. As a result, that warrant was unlawful insofar as it purported to authorize the search of "persons present" such as defendant, and any evidence discovered during the search of defendant's person must be suppressed. *See State v. Ingram, supra,* 313 Or at 146-47 (holding that the legislature intended that failure to comply with ORS 133.565(2)(b) would result in suppression of evidence). The trial court erred

---

[6] The Court of Appeals' opinion suggests that the validity of a "persons present" clause in a warrant to search specified premises depends on the extent of the information regarding the particular defendant that is recited in the supporting affidavit. *State v. Reid,* 122 Or App 329, 333, 857 P2d 874 (1993). That factor is not pertinent to the analysis.

in denying defendant's motion to suppress evidence discovered during the search of defendant's person.

As in *State v. Ingram, supra*, 313 Or at 141, because we decide this case on the basis of defendant's statutory claim, we need not address his constitutional claim.

The decision of the Court of Appeals is affirmed on different grounds. The judgment of the circuit court is reversed, and the case is remanded to the circuit court for further proceedings.