Argued and submitted July 6, 2000, reversed and remanded February 7, 2001

## STATE OF OREGON,
*Appellant,*

*v.*

## ERIC DANIEL KADIN,
*Respondent.*

### (98-2883-AFE CA A105529 (Control))

## STATE OF OREGON,
*Appellant,*

*v.*

## ROBBIN LEE COLEMAN,
*Respondent.*

### ( 98-2883-CFE; CA A105530)

18 P3d 484

Jonathan Fussner, Assistant Attorney General, argued the cause for appellant. On the brief were Hardy Myers, Attorney General, Michael D. Reynolds, Solicitor General, and Anne L. Cottrell, Assistant Attorney General.

Harrison Latto argued the cause and filed the brief for respondent Coleman.

Robin A. Jones, Deputy Public Defender, argued the cause for respondent Kadin. With her on the brief was David E. Groom, Public Defender.

Before Edmonds, Presiding Judge, and Armstrong and Kistler, Judges.

KISTLER, J.

## KISTLER, J.

The state appeals from a pretrial order suppressing evidence. It argues that the trial court erred in holding that the warrant did not authorize a search of defendants' premises. We agree and reverse.

While working as a detective with the Medford Police Department, Officer Gary Hatten received information from a confidential reliable informant regarding defendants' alleged drug activity.[1] The informant told Hatten that defendants were selling methamphetamine out of their house in Medford, gave Hatten defendants' names and their physical descriptions, and provided him with defendants' address. After receiving that information, Hatten arranged for a controlled buy. The informant went to defendants' residence and purchased methamphetamine from them using the money that Hatten had provided.

Based on what the informant had told him, the controlled buy, and other information, Hatten obtained a search warrant. The warrant was addressed to "any police officer in the State of Oregon." It stated:

> "You are hereby commanded to search the persons of Robbin Lee Coleman, DOB: 06-30-46, a white male adult named Mike * * * and a white adult male named Eric * * *, a red 1991 Ford pick-up bearing Oregon license plate UJL888, a blue 1981 Chevrolet pick-up bearing Oregon license plate SAX217 and any vehicles registered to or under the direct control of Coleman, Mike or Eric, any persons frequenting [sic], certain premises, garage/outbuildings and residence located at 2921 Table Rock Road, City of Medford, County of Jackson, State of Oregon, for evidence of the possession, manufacture, and delivery of the controlled substance methamphetamine and that said methamphetamine is evidence of a crime and subject to seizure under state law."

The warrant concluded with a detailed description of defendants' house and directions to it.

---

[1] The informant identified three persons who lived at the house in Medford, all of whom were ultimately arrested in connection with this matter. Only two of those persons are parties to this appeal.

Shortly after the court issued the warrant, Hatten executed it by searching the premises located at 2921 Table Rock Road and seizing several items, including plastic bags containing methamphetamine, a scale, packaging material, and several weapons. Defendants were arrested and indicted for possessing, manufacturing, and delivering methamphetamine. Before trial, defendants moved to suppress the evidence obtained pursuant to the search warrant on the ground that the warrant did not authorize a search of their premises. They argued either that the warrant authorized only a search of their persons and vehicles or that the warrant was so ambiguous that it could not legally authorize a search of their premises. The trial court granted defendants' motion, and the state has appealed.

The issue on appeal is whether the search warrant authorized, with sufficient particularity, a search of the premises and buildings at 2921 Table Rock Road. More specifically, the question is whether the language in the warrant authorizing a search of, among other things, "any persons frequenting [*sic*], certain premises, garage/outbuildings and residence located at 2921 Table Rock Road" authorized a search of both a place and persons or only a search of persons frequenting a place. Defendants argue that the participle "frequenting" ordinarily takes an object. It follows, they conclude, that the warrant authorized only a search of persons frequenting certain described premises or that the warrant is so ambiguous that it is incapable of being executed consistently with the statutes and constitution. The state responds that the presence of the comma establishes that the phrase "any persons frequenting" is separate from the phrase "certain premises, garage/outbuildings and residence located at 2921 Table Rock Road." According to the state, the warrant directs the officers to search both the premises and any persons frequenting the premises for evidence of the possession, manufacture, and delivery of methamphetamine.

A search warrant must describe the place to be searched with particularity. ORS 133.565; Or Const, Art I, § 9.[2] In *State v. Blackburn / Barber*, 266 Or 28, 34-35, 511 P2d

---

[2] The parties agree that the issue is one of law and that we owe no deference to the trial court's construction of the warrant. We also note that generally we would

381 (1973), the court explained the purpose of that requirement:

"[T]he aim of the requirement of particularity is to protect the citizen's interest in freedom from governmental intrusion through the invasion of privacy. If the search warrant describes premises in such a way that it makes possible the invasion of this interest in privacy without the foundation of probable cause for the search, the warrant is too broad and therefore constitutionally defective.

"In testing a warrant for definiteness it is enough if the description is such that the officer with a search warrant can with reasonable effort ascertain the identity of the place intended. The description must be sufficiently clear so that the property to be searched is recognizable from other neighboring properties. If, however, a warrant purporting to authorize a search is sufficiently ambiguous that it is impossible to identify with a reasonable degree of certainty the particular premises authorized to be searched, the warrant may not be executed and any search pursuant to it is illegal, whether of the premises actually intended or not, because of the danger that the privacy of unauthorized premises will be invaded."

(Internal quotation marks and citations omitted.)

■■ Thus, a mistaken description of the premises to be searched can render a warrant invalid. *See State v. Davis*, 106 Or App 546, 809 P2d 125 (1991) (holding that search of house at 1877 S.E. Main Street was unauthorized because warrant authorized search only of house at 1837 S.E. Main Street). Not all errors require that result, however. *See State v. Edwards*, 149 Or App 702, 945 P2d 553 (1997) (holding that, despite error in address, warrant lawfully authorized a search of the defendant's property because of the accurate description of the property and accompanying directions to it). The question is whether the warrant is "sufficiently ambiguous that it is impossible to identify with a reasonable degree of certainty the particular premises authorized to be searched." *Blackburn / Barber*, 266 Or at 35; *Edwards*, 149 Or App at 710.

---

address the statutory issue before reaching the constitutional question, but in this context, the statutory and constitutional issues merge. *See State v. Edwards*, 149 Or App 702, 707, 945 P2d 553, *rev den* 326 Or 234 (1997).

■ In this case, the particular place to be searched can be identified with a reasonable degree of certainty. The warrant authorizes the officers to search a series of things, and the punctuation divides the series into four distinct categories:

(1) A search of the persons of Coleman, Mike, and Eric,

(2) A search of a 1991 red Ford pickup, a 1981 blue Chevrolet pickup, and any other vehicles under the control of Coleman, Mike, or Eric,

(3) A search of "any persons frequenting," and

(4) A search of "certain premises, garage/outbuildings and residence located at 2921 Table Rock Road."

A comma separates the phrase "any persons frequenting" from the phrase, "certain premises, garage/outbuildings and residence located at 2921 Table Rock Road." Use of a comma to separate items in a series is common. Ignoring the comma between the third and fourth categories of thing to be searched—as if it were placed there by accident—and merging the two categories into one authorized search of persons frequenting the premises, overlooks that customary rule of grammar. *See State v. Webb*, 324 Or 380, 388-89, 927 P2d 79 (1996) (declining to "alter the sentence in some way—by changing the punctuation or wording—in order reasonably to read the statute as defendant proposes").

Moreover, the warrant directs the executing officer to search for evidence of possession, manufacture, and delivery of methamphetamine. At least with respect to manufacturing, a search of the premises is most likely to produce evidence of that crime. It is less likely that evidence of manufacturing would be found on persons frequenting the premises. That context makes it more likely that, as between two possible readings of the warrant, the warrant authorizes a search of both the premises and the persons frequenting them instead of authorizing only a search of the persons frequenting the premises.

To be sure, as defendant argues, the phrase "any persons frequenting" is awkward, but it is not substantially different from the phrase "persons present" in *State v. Reid*, 319 Or 65, 67, 872 P2d 416 (1994). Both phrases succinctly

describe the general class of persons who may be searched in addition to the premises on which they are found. If anything, the participle "frequenting" refers to the crime of frequenting, *see* ORS 167.222, and thus provides a greater limit on the class of persons who can be searched than the adjective "present" did in *Reid*. *See* 319 Or at 71 (authorizing a search of "persons present" impermissibly allowed a search of persons for which there might be no probable cause).[3]

Not only is defendants' interpretation at odds with the punctuation and the context, but it also presents its own problems. If defendants were correct, the command to search persons frequenting certain premises could raise the same statutory and constitutional problems that the court identified in *Reid*. *See* 319 Or at 71. Conversely, if the warrant authorizes a search of the premises separate from the persons frequenting them, a search of the premises raises no statutory or constitutional problems. Defendant advances no persuasive reason why we should adopt an interpretation that would both limit the apparent scope of the warrant and at the same time call the validity of the warrant, so limited, into doubt.

We agree that the warrant could have been phrased more clearly. The ambiguity, however, is not so great that we cannot "identify with a reasonable degree of certainty the particular premises authorized to be searched." *Blackburn / Barber*, 266 Or at 34-35; *see also United States v. Cannon*, 104 F Supp 2d 1214, 1216-17 (ED Cal 2000) (concluding that, eliding the unintelligible phrase "sand wooden structure," the warrant gave a sufficient description of the things and places to be searched). The search warrant in *Blackburn/ Barber*, for example, authorized the search of "Apartment 2" and stated that the door of that apartment had a sign containing the letters "ECURB" posted on it. It turned out that the door of another apartment had the "ECURB" sign posted on it, but the Supreme Court nonetheless concluded that it could resolve that ambiguity with a reasonable degree of certainty. It accordingly held that the search warrant in that

---

[3] The officers apparently did not search "any persons frequenting" and we do not decide whether the phrase is sufficiently narrow to avoid the problem identified in *Reid*.

case lawfully authorized a search of the "ECURB" apartment. *Blackburn / Barber*, 266 Or at 35-36; *see also Edwards*, 149 Or App 702. The ambiguity in this warrant is no more extensive or unresolvable than the ambiguity in *Blackburn / Barber*. We accordingly reverse the trial court's order suppressing the evidence and remand for further proceedings.

Reversed and remanded.