Argued and submitted March 31, affirmed July 9, 2003

# STATE OF OREGON,
*Appellant,*

*v.*

# ERYK MYKL MILLER,
*Respondent.*

## 99092201; A114700

72 P3d 643

Ryan Kahn, Assistant Attorney General, argued the cause for appellant. With him on the opening brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General. With him on the reply brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Rebecca Duncan, Deputy Public Defender, argued the cause for respondent. On respondent's brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Meredith Allen, Deputy Public Defender. On respondent's supplemental brief were David E. Groom, Acting Executive Director, Office of Public Defense Services, and Rebecca Duncan, Deputy Public Defender.

Before Edmonds, Presiding Judge, and Kistler and Schuman, Judges.

EDMONDS, P. J.

## EDMONDS, P. J.

In this criminal proceeding, the state appeals from the trial court's ruling granting defendant's motion to suppress evidence found in a search of his home. The trial court concluded that the warrant was insufficient on its face because it failed to expressly authorize a seizure of items found in the search. We review the trial court's ruling suppressing the evidence for errors of law, *State v. Reid*, 319 Or 65, 71, 872 P2d 416 (1994); *State v. Ingram*, 313 Or 139, 831 P2d 674 (1992), and affirm.

The search warrant at issue authorized police to "search for" a list of described items, but did not explicitly authorize police to seize those items, or any items, for that matter.[1] The last sentence of the warrant required the police to return to the court "a list of items seized." Relying on ORS 133.565(2)(c), the trial court granted defendant's motion to suppress, explaining that the warrant was insufficient on its face because it "did not authorize seizure of anything."

The state contends on appeal that, when the warrant is read in its entirety, it authorizes a seizure of the items searched. In the state's view, it is clear from the warrant's authorization of a search for specific items, together with the requirement for a return of the list of items "seized," that the issuing magistrate contemplated that the officers would seize the items that were found pursuant to the search.

ORS 133.565(2) codifies the requirement of Article I, section 9, of the Oregon Constitution that "no warrant shall issue but upon probable cause * * * and particularly describing the place to be searched, and the person or thing to be seized."[2] The statute provides:

---

[1] The warrant was not a part of the trial court record. The parties have jointly moved to supplement the record with a copy of the warrant, and we grant that motion.

[2] The Fourth Amendment to the federal constitution provides that "no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized."

> *"The warrant shall state*, or *describe with particularity*:

> "(a)   The identity of the judge issuing the warrant and the date the warrant was issued;

> "(b)   The name of the person to be searched, or the location and designation of the premises or places to be searched;

> "(c)   The things constituting the object to be searched *and authorized to be seized*; and

> (d)   The period of time, not to exceed five days, after execution of the warrant except as provided in subsection (3) of this section, within which the warrant is to be returned to the issuing authority."

(Emphasis added.)

■      Initially, we reject the state's contention that, when read in its entirety, the warrant expressly authorized a seizure as required by the statute. Although the last sentence of the warrant mentions the duty to return a list of items seized, its wording is not an *authorization* from the issuing magistrate to seize objects. Rather, the words in the warrant on which the state relies direct the police to list the objects *already seized* and return the list to the court. Thus, we are faced with the question of whether a search warrant must explicitly authorize a seizure of items to be searched for or whether the authorization to seize is implicit in the authorization to search.

■ ■      As the Supreme Court has said, searches and seizures are separate acts and must be analyzed separately. *State v. Tanner*, 304 Or 312, 316, 745 P2d 757 (1987). The statutory requirement that the warrant describe the objects authorized to be seized is unambiguous. ORS 133.565 provides that the warrant "shall state, or describe with particularity * * * [t]he things constituting the object to be searched *and* authorized to be seized[.]" (Emphasis added.) The requirement of a description "with particularity" applies both to the things authorized to be searched for and to the things authorized to be seized. The same description may, of course, cover both. However, the requirement that the warrant specifically describe the property authorized to be seized is

intended to guide the executing officer toward what is judicially intended and away from what is not, in order to minimize the danger of unwarranted invasion of privacy by unauthorized *seizure*. *State v. Massey*, 40 Or App 211, 214, 594 P2d 1275, *rev den*, 287 Or 409 (1979); *State v. Tidyman*, 30 Or App 537, 568 P2d 666, *rev den*, 280 Or 683 (1977). Thus, the authorization in a search warrant to search for objects is not an authorization to seize the objects searched for because the objects searched for may not be evidence of a criminal act subject to seizure. For example, the search of a container could reveal contents that are unrelated to criminal activity as well as those related to the purpose of the search; only the objects authorized by the warrant to be seized are subject to lawful seizure.

■ We recognize our obligation to construe the warrant in a realistic and common-sense manner. *State v. Villagran*, 294 Or 404, 415, 657 P2d 1223 (1983). The state contends that it would be unrealistic and contrary to common sense to conclude that the issuing magistrate intended to authorize police to search for items but to leave without seizing items found. However, to read the warrant in the manner suggested by the state would effectively exempt it from the statute's requirement of an authorization of seizure in the warrant itself. For that reason, we decline to imply an authorization to seize items from the other language in the warrant.

Affirmed.