Argued and submitted February 8, order of suppression vacated; remanded for
further proceedings June 15, 2005

# STATE OF OREGON,
*Appellant,*

*v.*

# DANIEL EDWARD CARTER,
*Respondent.*

## 020195CR; A122768

113 P3d 969

Jonathan H. Fussner, Assistant Attorney General, argued the cause for appellant. With him on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

David T. McDonald argued the cause for respondent. With him on the brief was David T. McDonald, P.C.

Before Linder, Presiding Judge, and Haselton* and Ortega, Judges.

ORTEGA, J.

---

* Haselton, J., *vice* Ceniceros, S. J.

## ORTEGA, J.

In this criminal proceeding, the state appeals from the trial court's order granting defendant's motion to suppress evidence. We are called on to address whether a search warrant that authorizes a search, but fails to authorize a seizure, provides police with legal authority to execute the search described in the warrant, so that items encountered during the search and immediately recognized as contraband or evidence of a crime may lawfully be seized under the "plain view" exception to the warrant requirement. The trial court held that such a warrant is invalid on its face because it does not contain all of the required elements set forth in ORS 133.565(2) and Article I, section 9, of the Oregon Constitution. We review the trial court's order suppressing the evidence for errors of law, ORS 138.220, and vacate that order.

In December 2002, police obtained a warrant authorizing the search of defendant's residence. Although the warrant directed police to *search* for a detailed list of items, including controlled substances, drug paraphernalia, materials relating to the manufacture, sale, and distribution of controlled substances, and any firearms, it did not authorize *seizure* of any of the listed items.

Police executed the search warrant, searching for evidence of an indoor marijuana growing operation. During that search, police found and seized a number of items, including a marijuana plant hanging from a wire, four mature marijuana plants, several smaller marijuana plants growing under grow lights operated by timers, a bag containing dried marijuana, pots, an electric fan, a box containing books and magazines on marijuana cultivation, a triple-beam scale, several guns, a microcassette audiotape, a radio scanner, and a computer.

After defendant was charged with unlawful manufacture and delivery of a controlled substance, ORS 475.992, he moved to suppress all of the evidence seized from his residence. Citing *State v. Miller*, 188 Or App 514, 72 P3d 643, *rev den*, 336 Or 146 (2003), he argued that, because the warrant did not explicitly authorize seizure of his property, it did not meet the requirements of ORS 133.565(2) and therefore was

invalid on its face. Defendant challenged the warrant's validity under Article I, section 9, of the Oregon Constitution and the Fourth Amendment to the United States Constitution for the same reason.[1] The state responded that the lack of authorization within the warrant to seize the items is not dispositive because the warrant authorized the search and that the seizure was lawful under the plain view doctrine.[2]

The trial court did not reach the plain view argument, concluding instead that the failure to specify items to be seized rendered the warrant "invalid on its face" under ORS 133.565(2) and Article I, section 9, of the Oregon Constitution. We conclude that a warrant may validly authorize police to search for items without authorizing the seizure of anything at all. Because the suppression order was premised on the erroneous conclusion that the warrant was facially invalid and therefore could not validly authorize the search, we vacate that order and remand for further proceedings.

Article I, section 9, of the Oregon Constitution provides, in part, that "no warrant shall issue but upon probable cause, * * * and particularly describing the place to be searched, and the person or thing to be seized." That constitutional requirement is codified in ORS 133.565(2), which provides, in part:

"The warrant shall state, or describe with particularity:

"* * * * *

"(c)   The things constituting the object of the search and authorized to be seized[.]"

---

[1] Defendant does not offer argument under the federal constitution in this appeal.

[2] A detective who participated in the seizure testified that all of the items—including the computer, the microcassette audiotape, and the radio scanner—had been seized because they had something to do with manufacturing or delivering a controlled substance. With respect to the computer, he testified that people involved in the manufacture and distribution of narcotics keep very good records of what and how much they have grown. He explained that he had seized the microcassette audiotape because he thought it might have been used to keep audio notes of activities in the grow room and the radio scanner because people involved in illegal drug manufacturing or distributing like to keep track of what the police are doing.

Although as a general matter we resolve statutory issues before reaching constitutional issues, we have held that, with regard to the particularity requirements of both Article I, section 9, and ORS 133.565(2), the issues merge, and our review under both provisions is the same. *See State v. Edwards*, 149 Or App 702, 707, 945 P2d 553, *rev den*, 326 Or 234 (1997) (treating the statutory and constitutional particularity requirements as coextensive); *see generally State v. Ingram*, 313 Or 139, 143, 831 P2d 674 (1992) (construing ORS 133.565 to be "at least as restrictive as the constitutional prohibition against general warrants").

■       Defendant argues that, because the texts of Article I, section 9, and ORS 133.565(2)(c) use the conjunctive "and" in stating that warrants must particularly describe the object of the search *and* the items to be seized, warrants necessarily must authorize both searches *and* seizures. Defendant reads more into the language than is there. Logically, the requirement that items to be seized must be identified is triggered only if the warrant actually attempts to authorize a seizure. Where no attempt is made to authorize a seizure, there would be no need to specify items to be seized.

Our decision in *Miller* does not hold otherwise. The warrant in *Miller* authorized police to search for a list of described items but failed to state that police could seize those items, although it required police to return to the court "a list of the items seized." 188 Or App at 516. The state argued that, despite the lack of direct authorization to seize anything, the warrant, read in its entirety, authorized both search and seizure of the described items. *Id.* In contrast to this case, then, the state in *Miller* relied on the warrant to establish the lawfulness of the seizures at issue. Accordingly, we were called on to address "whether a search warrant must explicitly authorize a seizure of items to be searched for or whether the authorization to seize is implicit in the authorization to search." *Id.* at 517. We concluded that the reference to returning a list of seized items did not constitute authorization to seize the items and declined to imply authorization to seize the items from the authorization to search or from any other language in the warrant. *Id.* at 517-18. Because searches and seizures are separate acts, we explained that they must be analyzed separately; authorization to seize,

therefore, cannot be implicit in the authorization to search, because "the objects searched for may not be evidence of a criminal act subject to seizure." *Id*.

■■ Accordingly, our holding in *Miller* establishes that a warrant does not authorize seizure of any items not so specified in the warrant. We did not address in *Miller* whether a warrant might validly authorize only a search, so that the seizure of any items encountered during the search might be justified under the plain view doctrine. However, our recognition that authority to search and authority to seize must be separately analyzed provides support for the view that a warrant may authorize one or the other and need not always authorize both.

Here, unlike in *Miller*, the state does not contend that the warrant authorized police to seize items from defendant's residence. Rather, the state contends that the warrant validly authorized police to *search* defendant's residence and that the lawfulness of the separate invasion of privacy occasioned by *seizing* items found there, in the absence of authorization in the warrant itself, may be analyzed by reference to the plain view exception to the warrant requirement. We agree.

As noted above, we do not find the use of the word "and" in ORS 133.565(2)(c) and in Article I, section 9, to imply a requirement that a search warrant can only be issued both to search for *and to seize* items. Rather, that language simply reflects that, where the warrant addresses both search and seizure, it must specify what is to be searched and what is to be seized. We agree with the state that there is nothing illogical, impossible, or unconstitutional about a warrant that authorizes either a search or a seizure but not both.[3] Moreover, our case law recognizes that the plain view doctrine applies to items observed while in the course of executing a search that is authorized by warrant, even if the item seized does not happen to be specified in the warrant. *State v.*

---

[3] The state points out that a "search only" warrant might be useful for visiting a crime scene simply to observe its layout or to search the factory of a good-faith purchaser of stolen industrial equipment to look for the equipment but not to remove it. Likewise, the state points out that a "seizure only" warrant might be useful where there is consent to search but not to seize.

*Sagner*, 12 Or App 459, 472-74, 506 P2d 510 (1973) (seizure of a television set discovered while executing a warranted search for other items was proper under the plain view doctrine because the set's obliterated serial number, combined with other evidence, constituted sufficiently strong circumstances to indicate that it was stolen). We see no reason to apply a different rule where the warrant identifies different objects for seizure than where the warrant does not address seizure at all.

Accordingly, the next question is whether the seizure of the items at issue here was justified by an exception to the warrant requirement. The state bears the burden of proving that an exception to the warrant requirement existed. *State v. Stevens*, 311 Or 119, 126, 806 P2d 92 (1991). Here, as we have noted, the state asserts that police seized items from defendant's residence pursuant to the plain view doctrine, which authorizes seizure of evidence under circumstances where the police are in a place where they are entitled to be when they observe the evidence in plain view and the incriminating character of the evidence is "immediately apparent." *See State v. Sargent*, 323 Or 455, 463 n 5, 918 P2d 819 (1996). Because the trial court failed to reach the state's plain view argument, there remain issues of fact regarding whether the incriminating character of any of the items seized was "immediately apparent." Therefore, we remand for the trial court to make that determination in the first instance.

Order of suppression vacated; remanded for further proceedings.