Argued and submitted December 5, 2005; on appeal, order of suppression vacated
and remanded; affirmed on cross-appeal January 4, 2006

STATE OF OREGON,
*Appellant - Cross-Respondent,*

*v.*

LOUIS EDWARD BROWN, JR.,
and Teresa Loraine Wallace,
*Respondents - Cross-Appellants.*

2003-01946A, 2003-01946B; A122610

125 P3d 1279

Jonathan H. Fussner, Attorney-In-Charge, Criminal Appeals Unit, argued the cause for appellant - cross-respondent. With him on the briefs were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

David A. Hill argued the cause and filed the brief for respondent - cross-appellant Louis Edward Brown, Jr.

Tammy W. Sun, Deputy Public Defender, argued the cause for respondent - cross-appellant Teresa Loraine Wallace. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Schuman, Presiding Judge, and Landau,* and Ortega, Judges.

PER CURIAM

---

* Landau, J., *vice* Richardson, S. J.

## PER CURIAM

Police officers searched defendants' home pursuant to a warrant authorizing a search but not a seizure of evidence. The trial court concluded that, under *State v. Miller*, 188 Or App 514, 72 P3d 643, *rev den*, 336 Or 146 (2003), such a warrant was invalid on its face and thus granted defendants' motion to suppress. The state appeals.

After the trial court granted defendants' motion, we held in *State v. Carter*, 200 Or App 262, 267, 113 P3d 969 (2005), *rev allowed*, 340 Or 106 (2006), that a warrant may validly authorize a search without a seizure and that "the lawfulness of the separate invasion of privacy occasioned by *seizing* items * * *, in the absence of authorization in the warrant itself, may be analyzed by reference to the plain view exception to the warrant requirement." (Emphasis in original.) There, we remanded to the trial court to determine whether the evidence fell within the plain view exception. *Id.* at 268. Here, the trial court found that "[m]ost of the evidence the defense seeks to suppress, including all of the methamphetamine that was seized by the police during the search, would fall within the 'plain view' exception" if that exception applied. Accordingly, we remand to the trial court for it to determine which items were in plain view.

Defendants cross-appeal, assigning as error the admission of evidence found during a search of a shed on the property of defendant Brown's mother. We affirm the trial court's decision on that issue without discussion.

On appeal, order of suppression vacated and remanded; affirmed on cross-appeal.