LANDAU, J.,
concurring.
At issue in this case is the lawfulness of a police officer’s warrantless search based on a reasonable, but mistaken, belief that consent to search had properly been granted. Doctrinally, the search could be regarded as lawful under any of at least three different theories. First, it could be that the search qualified under the consent exception to the warrant requirement of Article I, section 9, of the Oregon Constitution. Second, this court could recognize a separate exception to the warrant requirement that applies to the circumstances of this case. Or third, the court could abandon its preference for warrants altogether *496 and evaluate each police action on a case-by-case basis for reasonableness.
As I understand it, the state preserved only the first contention, and the court rejects it. I join in the court’s opinion. I write separately to emphasize that the other two arguments have not properly been presented to us, and the court’s opinion should not be read as if it has implicitly addressed them. It has not.
The first of those two arguments is that this court should recognize an exception to the general rule that, to be reasonable, a search must be supported by a properly obtained warrant. As I understand it, the state did not make that argument in this case.
The argument would go something like this. The text of Article I, section 9, does not guarantee a right to be free from all searches except those to which a person consents. Rather, it guarantees a right to be free from unreasonable searches. See State v. Guggenmos, 350 Or 243, 257 n 6, 253 P3d 1042 (2011) (the “touchstone” of Article I, section 9, is “reasonableness”). We presume that warrantless searches are unreasonable, but we recognize exceptions to that general rule. See, e.g., State v. Mazzola, 356 Or 804, 810, 345 P3d 424 (2015) (“[A] search conducted without a warrant is deemed unreasonable unless it Tall[s] within one of the few specifically established and carefully delineated exceptions to the warrant requirement.’” (Quoting State v. Bridewell, 306 Or 231, 235, 759 P2d 1054 (1988).)). Each of those exceptions is based upon the judgment of this court that, in specified circumstances, proceeding without a warrant nevertheless is reasonable.
For example, the officer-safety exception is grounded in the determination that it is reasonable for officers to check for weapons in circumstances presenting a threat of imminent harm. See, e.g., State v. Bates, 304 Or 519, 524-25, 747 P2d 991 (1987) (“Our inquiry therefore is limited to whether the precautions taken were reasonable under the circumstances as they reasonably appeared at the time that the decision was made.”). Similarly, the emergency-aid exception is predicated on the court’s determination that in certain circumstances — those in which it appears that it is *497 necessary to render immediate aid or assistance to someone in imminent threat of serious harm — officers may engage in conduct that might otherwise violate Article I, section 9, because it is reasonable to do so. State v. Baker, 350 Or 641, 649, 260 P3d 476 (2011) (“ [W]e conclude that an emergency aid exception to the Article I, section 9 warrant requirement is justified when police officers have an objectively reasonable belief, based on articulable facts, that a warrantless entry is necessary to either render immediate aid to persons, or to assist persons who have suffered, or who are imminently threatened with suffering, serious physical injury or harm.” (Footnotes omitted.)).
When an officer has been given consent to search by a person with apparent authority to grant it, and the circumstances present no good reason for the officer to doubt the authority of the consenting party to do so, it certainly could be argued that the officer acts reasonably in accepting the consent and proceeding with a search. In fact, the United States Supreme Court and appellate courts in at least a dozen states have so held.[1] And I confess that I am hard pressed to understand what makes an officer’s search under those circumstances unreasonable.
It is not that unusual for the court to recognize new exceptions to the warrant requirement. We did it a few short years ago in Baker, in which we expressly recognized what we had implicitly held in a few earlier cases: namely, an emergency-aid exception to the warrant requirement of Article I, section 9. 350 Or at 649. So the fact that there is no current exception covering the police conduct in this case is not dispositive.
*498 Adopting such an exception arguably runs afoul of this court’s rejection of a more general good-faith exception to the warrant requirement. The court noted precisely that in State v. Carsey, 295 Or 32, 44-45, 664 P2d 1085 (1983), when it rejected the proposed exception as a matter of Fourth Amendment doctrine, based on then-existing Fourth Amendment case law. Of course, Fourth Amendment doctrine has changed quite a bit since Carsey. Moreover, the same complaint could be leveled against the recognition of any number of existing exceptions to the warrant requirement, which require only that police officers act reasonably under the circumstances, not that they are always correct. The emergency-aid exception, for example, applies “when police officers have an objectively reasonable belief’ that immediate aid is required, Baker, 350 Or at 649, even if they turn out to have been mistaken.
My point is not to resolve the matter here. My point is that the matter — which the parties did not address in this case — should be fully briefed and argued in an appropriate case.
The second possible argument is more far-reaching. It would entail abandoning the warrant-preference-and-categorical-exception approach to Article I, section 9, in favor of a post hoc, case-by-case examination of the reasonableness of police conduct. This is an argument that the state did mention, albeit — as the court correctly concludes— inadequately. At this point, I am skeptical. But it remains an argument worth carefully considering.
The fact is that the court has never explained very well the source of the warrant-preference-and-categorical-exception approach to Article I, section 9. Certainly, the court has never sought to justify the approach in terms of the intentions or understanding of the framers of the constitution.[2] It is likely that the court’s approach would have been entirely foreign to the framers of our constitution in *499 the mid-nineteenth century.[3] In fact, for nearly 100 years, the court abjured any such reading of Article I, section 9, explicitly holding that the law requires courts to examine only the reasonableness of an officer’s conduct under the circumstances of each case, without any particular preference for warrants. As this court explained in State v. De Ford, 120 Or 444, 452, 250 P 220 (1927), “the possession of the warrant is not the controlling consideration of whether a search is reasonable or unreasonable. An officer armed with a warrant may make an unreasonable search. An officer without a warrant may make a reasonable search.”[4]
Only in 1983 did the court adopt its current approach, but — oddly enough in a state that prides itself as a vanguard of state constitutionalism — the only support was a passing citation to a Fourth Amendment decision. State v. Davis, 295 Or 227, 237, 666 P2d 802 (1983) (citing Katz v. United States, 389 US 347, 357, 88 S Ct 507, 19 L Ed 2d 576 (1967)). In the meantime, the earlier decisions have never been overruled, at least not explicitly.
As I have explained elsewhere, I do not think that the framers’ intentions are particularly salient in construing the reasonableness requirement of Article I, section 9. *500 See generally State v. Hemenway, 353 Or 129, 158-59, 295 P3d 617 (2013) (Landau, J., concurring). Moreover, I am inclined to think that there are good reasons for an ex ante warrant requirement. But, at the very least, this court has some housekeeping to do.
I write only to emphasize that nothing in the court’s opinion today addressees either of these doctrinal possibilities. To the contrary, both remain live issues that should be properly raised and fully briefed so that we may give them our careful attention in a future case.
Kistler, J., joins this concurring opinion.

 Illinois v. Rodriguez, 497 US 177, 188-89, 110 S Ct 2793, 111 L Ed 2d 148 (1990); People v. Hopkins, 870 P2d 478, 483 (Colo 1994); State v. Buie, 129 Conn App 777, 787, 21 A3d 550, 557 (2011), aff’d, 312 Conn 574, 94 A3d 608 (2014); State v. McCaughey, 127 Idaho 669, 671-74, 904 P2d 939, 941-44 (1995); People v. Burton, 409 Ill App 3d 321, 330-33, 947 NE2d 843, 852-54 (2011); Lee v. State, 849 NE2d 602, 610 (Ind 2006); State v. Chilson, 38 Kan App 2d 338, 347, 165 P3d 304, 310 (2007); Commonwealth v. Santos, 465 Mass 689, 694-95, 991 NE2d 1049, 1055-56 (2013); State v. Licari, 659 NW2d 243, 252-54 (Minn 2003); State v. Reinpold, 284 Neb 950, 956, 824 NW2d 713, 720 (2013); State v. Sawyer, 147 NH 191, 194-96, 784 A2d 1208, 1211-12 (2001); State v. Maristany, 133 NJ 299, 305-08, 627 A2d 1066, 1069-70 (1993); Commonwealth v. Basking, 970 A2d 1181, 1192-1200 (Pa Super Ct 2009); State v. Harding, 282 P3d 31, 39-41 (Utah 2011); State v. Wantland, 355 Wis 2d 135, 149-56, 848 NW2d 810, 817-20 (2014).

 Interestingly, the court has applied that interpretive approach to the particularity clause of Article I, section 9. See State v. Carter, 342 Or 39, 42, 147 P3d 1151 (2006). But, to my knowledge, it has never applied that approach to the reasonableness guarantee.

 See, e.g., Rohan v. Sawin, 59 Mass 281, 284-85 (1850) (upholding constable’s warrantless search of premises because constitutional search and seizure provision was intended only to be “in restraint of general warrants to make searches and require!] warrants to issue only upon a complaint made under oath”); Mayo v. Wilson, 1 NH 53, 60 (1817) (constitutional search and seizure provision “does not seem intended to restrain the legislature from authorizing arrests without warrant”); Wakely v. Hart, 6 Binn 315, 319 (Pa 1814) (warrantless seizure upheld because constitutional search and seizure guarantee “was nothing more than an affirmance of the common law,” which permitted arrests without warrants). Nineteenth-century treatises likewise tend to emphasize that constitutional search and seizure guarantees were directed at abuses of general warrants and made no mention of a warrant requirement. See, e.g., Joseph Story, 2 Commentaries on the Constitution of the United States: With a Preliminary Review of the Constitutional History of the Colonies and States, Before the Adoption of the Constitution 678-80 (3d ed 1858) (the Fourth Amendment search and seizure guarantee “is little more than the affirmance of a great constitutional doctrine of the common law” requiring warrants to state with particularity the time, place, and nature of the offense).

 See also State v. Lee, 120 Or 643, 651, 253 P 533 (1927) (upholding constitutionality of warrantless search). As recently as 1959, this court held that the reasonableness of a search does not depend on the presence of a warrant, but on the circumstances of each case. State v. Hoover, 219 Or 288, 299, 347 P2d 69 (1959).