GARRETT, J.
*785 The state petitions for reconsideration, requesting that we clarify the scope of our holding in State v. Burnham , 287 Or.App. 661, 403 P.3d 466 (2017). We agree with the state that it is necessary to clarify the disposition, and we allow reconsideration.[1]
In Burnham , we held that the trial court erroneously denied defendant's motion to suppress evidence, and we reversed the judgment of conviction. We concluded that the search warrant was impermissibly overbroad because it authorized the search of " '[a]ny and all' of defendant's 'computer equipment' and 'electronic data devices' " without probable cause to believe that all such devices contained evidence of the crimes under investigation-trespassing and unlawful hunting. Id. at 665-66, 403 P.3d 466. We did not address whether the trial court should have suppressed the remainder of evidence seized pursuant to and during the execution of the search warrant.
On reconsideration, the state argues that the only evidence subject to suppression is the evidence recovered pursuant to that portion of the warrant that we held to be overbroad-that is, the GPS location data obtained from digital photographs discovered in defendant's laptop computer. The state argues that our disposition should not affect the admissibility of any other evidence seized at defendant's home, which includes two road signs that the state introduced as evidence of theft. We agree with the state that the impermissibly overbroad portion of the warrant "may be excised and the balance of the warrant upheld" and that only those items "seized under the invalid portion of the warrant must be suppressed." See *1235 State v. Vermaas , 116 Or.App. 413, 416, 841 P.2d 664 (1992), rev. den. , 316 Or. 142, 852 P.2d 838 (1993). Accordingly, we modify our opinion to conclude that the trial court only erred insofar as it did not suppress evidence seized under the overbroad portion of the warrant, and it did not err by admitting evidence covered by the valid portions of the warrant. *786 Pursuant to the invalid portion of the warrant, the state discovered GPS evidence on a laptop that it relied upon to prove that defendant had trespassed, hunted without permission, and killed an elk while hunting without permission. Therefore, we adhere to our conclusion that that evidence should have been suppressed and that the error was not harmless with respect to Counts 2 and 3, hunting upon the cultivated or enclosed land of another without permission, ORS 498.120 ; Counts 5 and 6, second-degree criminal trespass, ORS 164.245 ; and Count 7, violating a provision of the wildlife laws or rules with a culpable mental state, ORS 496.992(1).
In its petition, the state does not account for the fact that the two road signs seized during the execution of the warrant were not seized under the warrant as evidence of either trespassing or unlawful hunting. The warrant did not authorize the seizure of the signs because, undisputedly, that evidence was not pertinent to any of the crimes covered by the warrant. Accordingly, the lawfulness of their seizure depends on whether the officers made an " 'unaided observation' " of the signs from a " 'lawful vantage point.' " See State v. Foster , 347 Or. 1, 5, 217 P.3d 168 (2009) (quoting State v. Ainsworth , 310 Or. 613, 617, 801 P.2d 749 (1990) ). Whether the officers observed the signs from a lawful vantage point depends on whether they discovered the signs in the course of searching for items covered by valid portions of the warrant. See State v. Sagner , 12 Or.App. 459, 472-73, 506 P.2d 510 (1973) (concluding that officers were "rightfully in defendants' home" because the warrant was partially valid and then evaluating whether officers encountered the challenged evidence "in the course of a search which was properly limited in scope"). In denying defendant's motion to suppress, the trial court neither explicitly nor implicitly made factual findings to support application of the plain-view doctrine or any other exception to the warrant requirement. Accordingly, we remand to the trial court for it to make factual findings in the first instance. See State v. Carter , 200 Or.App. 262, 268, 113 P.3d 969 (2005), aff'd , 342 Or. 39, 147 P.3d 1151 (2006) (remanding to the trial court because "there remain[ed] issues of fact regarding whether the incriminating character of the evidence [was] 'immediately apparent' "
*787 as is required by the plain-view exception (quoting State v. Sargent , 323 Or. 455, 463 n. 5, 918 P.2d 819 (1996) )). We modify our opinion to vacate the judgment as to Counts 8 and 9, the convictions for the theft of the two signs.[2]
Reconsideration allowed; former disposition withdrawn; former opinion modified and adhered to as modified; convictions on Counts 2, 3, 5, 6, and 7 reversed and remanded; convictions on Counts 8 and 9 vacated and remanded; otherwise affirmed.

Defendant did not respond to the state's petition.

We note that defendant was also charged with an additional count of hunting upon the cultivated or enclosed land of another without permission (Count 1), second-degree criminal trespass (Count 4), and third-degree theft (Count 10). He was found not guilty of those counts.