LAGESEN, P. J.
*187 The state appeals an order granting defendant's motion to suppress all evidence obtained in a warranted search of defendant's person, home, and car. The trial court originally entered an order granting suppression only in part. But then, we decided State v. Burnham , 287 Or. App. 661, 403 P.3d 466 (2017), adh'd to as modified on recons. , 289 Or. App. 783, 412 P.3d 1233 (2018) ( Burnham I ), and the court reconsidered its prior ruling and entered an order suppressing all evidence. Because our subsequent decision on reconsideration in Burnham requires a different conclusion, we reverse and remand.
Whether the trial court was correct to conclude that the invalidation of one provision of the warrant requires suppression of evidence obtained pursuant to other, valid portions of the warrant, presents a question of law, so our review is for legal error. See generally State v. Burnham , 289 Or. App. 783, 785-86, 412 P.3d 1233 (2018) ( Burnham II ) (so reviewing the question).
In Burnham II , we discussed the proper approach when one provision of a warrant is determined to be impermissibly overbroad in the context of a motion to suppress. We concluded "that the impermissibly overbroad portion of the warrant may be excised and the balance of the warrant upheld and that only those items seized under the invalid portion of the warrant must be suppressed." 289 Or. App. at 785, 412 P.3d 1233 (internal quotations marks omitted). Because, with respect to some of the items seized, the trial court had not made the factual findings necessary to determine whether the seizure was permissible or not, in view of the partial invalidity of the warrant, we remanded for the court to make those determinations. Id . at 786, 412 P.3d 1233.
The state argues that Burnham II means that we must reverse the order on appeal and remand for the trial court to reinstate its original order that granted suppression only of that evidence seized pursuant to the invalid portion of the warrant. Defendant argues that we should affirm. He asserts that the state failed to preserve its argument that the invalid portion of the warrant could be excised, so as to allow for the admission of the evidence obtained pursuant *188 to the valid portion of the warrant. Alternatively, reraising arguments that he raised below, defendant contends we should affirm on the alternative basis that the warrant affidavit was stale or did not establish probable cause.
We are persuaded from our review of the record that the state preserved its contention that the invalid portion of the warrant should be excised and that the evidence obtained pursuant to the other portions of the warrant should not be suppressed.
*948 Further, as to whether the warrant was supported by probable cause (or nonstale probable cause), we view the magistrate's determination on those points with a deferential eye. State v. Chase , 219 Or. App. 387, 392, 182 P.3d 274 (2008) ("We defer to the issuing magistrate's determination of probable cause and resolve doubtful cases by the preference for warranted searches."). In that light, we see no basis on which to displace the magistrate's conclusions regarding the probable cause supporting the other provisions of the warrant. Accordingly, consistent with Burnham II , we conclude that suppression is not required of those items seized pursuant to the valid portions of the warrant.
That leaves the question of disposition. Although the trial court originally issued an order granting suppression only of the evidence obtained pursuant to the invalid portion of the warrant, and the state asks us to reinstate that order, we decline to do so. In some sense, that order was premature because the parties do not appear to have developed the facts as to what evidence, in particular, was seized as a result of the invalid portion of the warrant or to have understood fully the need for that factual development following the determination that the warrant was partly good and partly bad. And the trial court's ultimate conclusion that Burnham I requires suppression of all evidence as a matter of law rendered such factual development unnecessary. Thus, as was the case in Burnham II , a remand is required so that the trial court can determine what evidence is admissible pursuant to the valid portions of the warrant and what evidence must be suppressed because it was obtained based on the invalid portion of the warrant. See Burnham II , 289 Or. App. at 786, 412 P.3d 1233 (remanding for factual determination of whether certain items were seized while *189 officers were executing a valid portion of the warrant). At oral argument on this matter, the parties presented competing views of whether the seizure of certain items authorized by valid portions of the warrant may, nonetheless, have been tainted as a result of the officers' execution of the invalid portion of the warrant. As the facts pertinent to those arguments have not yet been determined, we leave the issue for the trial court to resolve on remand, should it be presented on the facts that the trial court finds.
Reversed and remanded.