No. 610 July 9, 2025 689

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MAX JACOB BARTON,
*Defendant-Appellant.*

Linn County Circuit Court
22CR27032; A182121

Brendan J. Kane, Judge.

Submitted February 25, 2025.

Ernest G. Lannet, Chief Defender, Criminal Appellate Section, and Neil F. Byl, Deputy Public Defender, Oregon Public Defense Commission, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Jeff J. Payne, Assistant Attorney General, filed the brief for respondent.

Before Tookey, Presiding Judge, Kamins, Judge, and Jacquot, Judge.

TOOKEY, P. J.

Reversed and remanded.

**TOOKEY, P. J.**

Defendant entered conditional no contest pleas to nine charges arising from his theft of items from a Bureau of Land Management (BLM) site and his involvement in an illicit mining operation on private property.[1] On appeal, in a single assignment of error, defendant challenges the trial court's denial of his motion to controvert a warrant and to suppress evidence obtained from a search of his property pursuant to the warrant, contending that the affidavit in support of the warrant failed to provide probable cause and that the warrant lacked sufficient particularity.[2] In the trial court, defendant argued that the affidavit did not provide probable cause and that the warrant was overbroad. Defendant renews those arguments on appeal. We reject defendant's argument that the affidavit failed to provide probable cause. However, we agree with defendant that the warrant was overbroad by authorizing a search for any evidence of crimes *including but not limited to* the listed crimes. We therefore reverse for defendant to consider whether to withdraw his conditional pleas.

Linn County Sergeant Eves applied for the warrant based on a complaint from Rick Campbell of Cascade Timber Consulting (CTC) that there were unauthorized entries onto CTC's timber property by an all-terrain vehicle (ATV) or a utility-terrain vehicle (UTV), and that there was an unauthorized mining operation on CTC's property for Holly Blue agate, a popular form of rock in Western Oregon. Campbell had set up trail cameras and captured photographs of an ATV driving on CTC property, and he shared those photographs with Eves. Eves and Campbell hiked to the location of the mining operation and found items that had been stolen from the BLM, including a UTV.

_____

[1] Defendant entered pleas on one count of criminal trespass in the second degree, ORS 164.245; one count of criminal mischief in the first degree, ORS 164.365; one count of unlawful cutting and transport of special forest products, ORS 164.813; one count of theft in the first degree, ORS 164.055; two counts of unauthorized use of a vehicle, ORS 164.135; two counts of possession of a stolen vehicle, ORS 819.300; and one count of unlawful possession of a firearm, ORS 166.250.

[2] Defendant's briefing does not separately address his contention that the trial court erred in denying his motion to controvert. Therefore, we do not further discuss it.

Campbell placed another trail camera at the mining site and subsequently captured photographs of a camouflaged Honda UTV approaching the mining area and a male and female adult loading parts from the stolen UTV onto the bed of the Honda UTV. The camera captured the male using items stolen from the BLM location. Deputies recognized the male as defendant. Eves spoke to an individual who had purchased Holly Blue agate from defendant. Eves drove to defendant's property, and, from the public road, he could see the camouflaged Honda UTV.

Eves filed an application for a warrant. The trial court issued a warrant authorizing a search of defendant's property for

"evidence of, crimes including but not limited to, Theft in the First Degree, Criminal Mischief in the First Degree, Possession of Stolen Vehicle, Unlawful Cutting/ Transporting Special Forest Products and Criminal Trespass in the Second Degree"

The warrant described the property to be searched and the items that law enforcement were authorized to search for and seize:

"[A]ll evidence of [sales] receipts, pawn slips, photographs, GPS devices, Holly Blue rocks, parts and pieces from stolen UTV, shovels, picks, buckets, gloves, face masks, helmets, goggles, clothing as seen on trail camera photographs, stolen tools from BLM, including but no[t] limited to, 250 foot 3/8" Amasteel blue winch rope, red snatch blocks, 3" x 14' nylon straps, 1.5" x 12' nylon straps, XL rop[e] bag, shackles, steel carabiner, cable/rope grip puller, Hi-lift jack, Hi-lift jack accessory kit, 12v air compressor and stolen property."

Defendant moved to suppress the evidence seized pursuant to the warrant arguing that the affidavit failed to provide probable cause, and he also argued that the warrant was overbroad. The trial court denied the motion. Thereafter, defendant entered his conditional pleas.

On appeal, defendant challenges the existence of probable cause for the issuance of the warrant, contending that the affidavit's connection of the stolen items to defendant's property depended inadequately on the officer's description of his training and experience, rather than on

evidence of activity at defendant's property that would tie the stolen property to that place. We are not persuaded by that argument.

Under ORS 133.545(6), an application for a search warrant "shall be supported by one or more affidavits particularly setting forth the facts and circumstances tending to show that the objects of the search are in the places, or in the possession of the individuals, to be searched." We review the trial court's determination of probable cause supporting a warrant for legal error, deferring to the trial court's findings of historical fact if there is evidence in the record to support them. *State v. Vasquez-Villagomez*, 346 Or 12, 23, 203 P3d 193 (2009).

Here, the facts recited in the affidavit were sufficient to provide probable cause that a search of defendant's property would disclose evidence of the thefts and the illegal mining operation. Eves had seen the camouflaged Honda UTV at defendant's property and had seen photographs of defendant driving it to the mining site, loading it with items from the BLM's stolen UTV, and using some of the items that had been stolen from the BLM site. The stolen items were not at the mining site, suggesting that they were at a different location. That evidence supported a reasonable inference that the stolen items would probably be found at the same location as the camouflaged Honda UTV. That was evidence from which a reasonable person could infer that the stolen items probably would be found on defendant's property. *See State v. Anspach*, 298 Or 375, 381, 692 P2d 602 (1984) (explaining that probable cause exists when the facts would "lead a reasonable person to believe that seizable things will probably be found in the location to be searched"). And although, as defendant contends, the sergeant's recitation of his training and experience could not provide the only connection to defendant's property, it did provide further support for the inference. *State v. Chamu-Hernandez,* 229 Or App 334, 341, 212 P3d 514, *rev den*, 347 Or 43 (2009) ("The issuing court may fairly consider facts stated in an affidavit that are derived from a police officer's training and experience."). The trial court did not err in concluding that the affidavit for the warrant provided probable cause.

However, we agree with defendant that the warrant failed to satisfy the particularity requirement because it was overbroad. A search warrant must "particularly describ[e] the place to be searched, and the person or thing to be seized." Or Const, Art I, § 9; *see also* ORS 133.565(2) (requiring a warrant to, among other things, describe with particularity the places to be searched and the things to be seized). "The purpose behind the particularity requirement is a prohibition against general warrants whereby administrative officers determine what is and what is not to be seized, to guide the officer to the thing intended to be seized and to minimize the danger of unwarranted invasion of privacy by unauthorized seizures." *State v. Reger*, 277 Or App 81, 90, 372 P3d 26, *rev den*, 359 Or 847 (2016) (internal quotation marks, brackets, and ellipses omitted). Ultimately, the objective of the particularity requirement is that "the search be as precise as the circumstances allow and that undue rummaging be avoided." *State v. Gaskill*, 340 Or App 459, 471, ___ P3d ___ (2025) (internal quotation marks omitted).

The particularity analysis is informed by two related, but distinct, concepts: specificity and overbreadth. *State v. Curry*, 336 Or App 72, 81, 560 P3d 694 (2024). Regarding specificity, "[a] warrant must be sufficiently specific in describing the items to be seized and examined that the officers can, with reasonable effort ascertain those items to a reasonable degree of certainty." *State v. Mansor*, 363 Or 185, 212, 421 P3d 323 (2018) (internal quotation marks omitted). Regarding overbreadth, "even if the warrant is sufficiently specific, it must not authorize a search that is 'broader than the supporting affidavit supplies probable cause to justify.'" *Id.* (quoting *State v. Reid*, 319 Or 65, 71, 872 P2d 416 (1994)).

In the instant case, the warrant authorized the executing officers "[t]o search for, and to seize *any evidence of, crimes including but not limited to*, Theft in the First Degree, Criminal Mischief in the First Degree, Possession of Stolen Vehicle, Unlawful Cutting/Transporting Special Forest Products and Criminal Trespass in the Second Degree." (Emphasis added.)

On appeal, defendant argues even if the affidavit and warrant provided probable cause to search for evidence of the enumerated crimes, they did not supply probable cause to search for evidence of *additional crimes*, and the warrant command to search for "any evidence of, crimes including but not limited to" the enumerated crimes gave the officers executing it "unbridled discretion" as to the things to be searched for and seized, and was thus overbroad. The state responds that there is no requirement that warrants list particular crimes, and "if a warrant is not required to list a particular crime at all—thus allowing law enforcement to search for evidence of any crime—it is difficult to understand how a warrant that allows law enforcement to 'search for, and to seize evidence of crimes including but not limited to' is overbroad."

We are not persuaded by the state's argument. A warrant that authorizes law enforcement to search for and seize any evidence of any crime is the very definition of a general warrant. *See State v. Carter*, 342 Or 39, 43, 147 P3d 1151 (2006) (explaining that the historical motivation for the particularity requirement in Article I, section 9 "was a fear of general warrants, giving the bearer an unlimited authority to search and seize" (internal quotation marks omitted)). As the state points out, there is no requirement that warrants identify the crime or crimes being investigated. However, even when a warrant does identify the crime, that does not rule out that the warrant may be overbroad. *See Mansor*, 363 Or at 214 (rejecting "the state's proposed rule that merely identifying the crime under investigation provides sufficient particularity to search the entire contents of a lawfully seized computer").

Here, the warrant authorized the state to search for, and to seize, "any evidence of * * * crimes including but not limited to" the enumerated crimes, which means the state was *not limited to* searching for evidence of the crimes being investigated. Instead, the warrant authorized a search for and seizure of any evidence of any crime. We have previously determined that where a "warrant limited police to search for particular types of evidence at a particular location in connection with a specific set of alleged crimes, it was sufficiently particular." *Reger*, 277 Or App at 92 (citing *State v. Rose,* 264 Or App 95, 109, 330 P3d 680, *rev den,* 356 Or

400 (2014)). By doing so, "[t]he warrant did not provide police with carte balance to begin 'rummaging' through [the] defendant's home for anything but those kinds of evidence in connection to specific charges." *Reger*, 277 Or App at 92. By contrast, the warrant at issue here authorizes a broad search for any evidence of crimes "including but not limited to" the enumerated crimes, thereby creating a risk of "'undue rummaging.'" *Id.* at 91 (quoting *State v. Massey*, 40 Or App 211, 214, 594 P2d 1274, *rev den*, 289 Or 409 (1979)).

In *Curry*, 336 Or App at 88, we held that a search category in a warrant authorizing a search for "[a]ny other evidence" of the crime under investigation was not specific enough to prevent "undue rummaging" by executing officers. More recently, in *Gaskill*, 340 Or App at 471-72, we held that a warrant authorizing a search for evidence that "may include, but is not limited to" 13 categories of evidence failed to describe the evidence sought with sufficient specificity, and therefore failed to satisfy the particularity requirement of Article I, section 9, noting the "lack of specificity risked undue rummaging by executing officers." (Internal quotation marks omitted.)

In the instant case, our analysis of the particularity requirement focuses on concerns about the warrant's overbreadth rather than its lack of specificity. As noted above, the warrant provides specific information about the stolen items to be seized. Nevertheless, by authorizing a search for any evidence of crimes including but not limited to the crimes under investigation, the warrant in this case, like the warrants in *Curry* and *Gaskill*, created a risk of "undue rummaging." Because it authorized an overbroad search, the warrant failed to satisfy the particularity requirement of Article I, section 9.

The trial court erred in ruling that the warrant satisfied the particularity requirement, and we reverse on that ground. Because defendant entered conditional pleas, he has the right to withdraw them if he so chooses. ORS 135.335(3). If he does so, then there may be further litigation regarding the scope of the evidence that should be suppressed.

Reversed and remanded.